# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD ELLISON,** | : | Civil No. 3:15-CV-864 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **ABILITY RECOVERY SERVICES, LLC** | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I.  STATEMENT OF FACTS AND OF THE CASE

This is a *pro se* lawsuit brought by a federal inmate against a debt collection agency, alleging violations of the Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. §1692, *et seq*. The pertinent facts in this case can be simply stated: The plaintiff, Richard Ellison, is an inmate housed at the Federal Correctional Institution (FCI) in Otisville, New York. The defendant, Ability Recovery Services, (ARS), is a debt collection agency located in Wyoming, Pennsylvania. On November 29, 2013, ARS acting on behalf of a school, Penn Foster, sent a collection letter to Ellison regarding a debt he allegedly owed Penn Foster. The correspondence from ARS designated Ellison's debt by an ID number, 3052403.

Ellison alleges that he disputed this debt, writing to ARS on December 16, 2013, to dispute the debt and requesting verification of this financial obligation from ARS, as he is entitled to do under the FDCPA. Ellison claims that ARS never responded to this letter. However, approximately one year later, on January 6, 2015, the plaintiff contends that ARS sent Ellison another dunning notice on behalf of Penn Foster. This second letter bore a new debtor ID number, 3221888, but appeared to entail the same debt allegedly owed to Penn Foster. ARS then sent Ellison a second notice concerning this debt on February 6, 2015. On April 16, 2015, Ellison obtained a copy of his credit report from Experian, a national credit reporting agency. That credit report identified the Penn Foster debt as a past due collection account, but did not report that the debt was disputed by Ellison. It appears that Ellison then contested and disputed this debt in a letter to ARS dated May 18, 2015.

On the basis of these allegations, Ellison brings three claims: First, Ellison alleges that ARS twice violated 15 U.S.C. §1692g(b) by sending him collection notices in January and February 2015, after he had disputed the Penn Foster debt, without responding to his December 2013 dispute notice or providing him with verification of this debt. These two claims are premised upon Section 1962g(b) of Title 15, which provides that: "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt,

or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g (b). In addition, Ellison argues that ARS violated 15 U.S.C. 1692e(8) in 2015 by: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed.*" 15 U.S.C. § 1692e(8)(emphasis added.)

Throughout these proceedings ARS has been chronically non-responsive. Thus, ARS neglected its duty to fulfill discovery, necessitating the entry of orders compelling discovery responses after it failed to respond to discovery motions and orders of this court. (Docs. 32 and 43.) When Ellison moved for summary judgment in this matter, (Doc. 40), ARS neglected that motion for six weeks before filing a tardy and materially incomplete response. (Doc. 44.) Although the district court deemed the response to be both untimely and "woefully inadequate," on October 5, 2016 it denied Ellison's motion for summary judgment and referred this matter to the undersigned for further proceedings. (Doc. 51.)

3

Those proceedings have been marked by a complete and total failure by ARS to respond to this lawsuit or comply with orders of this court. This pattern of non-compliance began two months ago when, consistent with the district court's October 5 direction, on October 13, 2016 we entered an Order scheduling a telephone conference in the above-captioned action for October 20, 2016, at 9:30 a.m. Arrangements were made with corrections officials at the Federal Correctional Institution at Otisville to ensure the plaintiff's participation during this call.

The plaintiff timely telephoned the Court; however, when efforts were undertaken to locate the defendant, it was discovered that counsel for the defendant, John P. O'Boyle, Esq., was no longer affiliated with the company or serving as its counsel. No substitute counsel had entered an appearance on the defendant's behalf. Accordingly, in order to ensure that this action proceeded without delay, we ordered that on or before Monday, November 19, 2016, the defendant was to secure replacement counsel, who was directed to enter an appearance in this action. We further notified the defendant that if the defendant failed to cause replacement counsel to enter an appearance and defend against the plaintiff's claims, the plaintiff could file a motion seeking judgment in his favor or seek other relief as may be warranted. A copy of this order was then served upon the defendant by the clerk's office. (Docs. 53 and 54.)

A month then passed without any effort by the defendant to comply with the court's order, or defend this lawsuit. Ultimately, the defendant did not comply with this order, the time for compliance passed, and the plaintiff moved for the entry of a default judgment. (Doc. 55.) Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, and a default judgment may only be entered when the party against whom the default judgment is sought "has failed to plead or otherwise respond." Rule 55(a), F.R.Civ.P. In this case, the defendant had been served with copies of our prior orders but had not responded. Thus, it appeared that a default judgment was potentially warranted here. Nonetheless, in order to afford ARS every opportunity to defend this case and come into compliance with court orders, on November 28, 2016 we entered a second order directing the defendant to show cause on or before December 12, 2016, why default should not be entered against it in this case. The clerk also served a copy of this order upon the defendant and annotated the docket reflecting the service of the order. (Doc. 56.)

ARS has now also ignored this show cause order deadline, and thus is in complete default in this case. Therefore, we conclude that Ellison, who has industriously pursued this case, is entitled to the entry of a default judgment in this matter.

## II. DISCUSSION

### A. THE PLAINTIFF IS ENTITLED TO ENTRY OF A DEFAULT JUDGMENT AGAINST THIS NON-RESPONSIVE DEFENDANT

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Rule 55(a), F.R.Civ.P. Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

   United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)

 In this case, entry of a default judgment against this wholly unresponsive defendant is now appropriate. The defendant was timely served with a number of orders placing it on notice of these defaults and directing it to take action in this case, but have not yet responded to the court's directions by obtaining counsel, complying with court orders, responding to motions, or otherwise litigating this case. Moreover, the defendant has ignored our prior orders directing it to take action in this case, and has completely neglected to respond to the plaintiff's motion for entry of default judgment. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1147 (3d Cir. 1990)(affirming entry of default judgment against party who failed to comply with court order). In these circumstances ARS is plainly in default. Therefore, we recommend that the motion for entry of default judgment be granted.

 "When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought. Id.; DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir.2005)." Rainey v. Diamond State Port Corp., 354 F. App'x 722, 724 (3d Cir. 2009). In performing this

task, "[t]he district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir.1993). In determining the amount, the district court may conduct a hearing. Fed.R.Civ.P. 55(b)(2). The court is not required to do so, however, 'as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.' Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir.1997). 'It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.' Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944). IBEW Local Union No. 102 v. Dane Const. Co., LLC, No. 08–907, 2009 WL 872018, at *2 (D.N.J. Mar. 30, 2009)." Malik v. Hannah, 661 F. Supp. 2d 485, 493 (D.N.J. 2009). As part of this process, "the defaulting party is entitled to be heard on the amount of damages. 5 James Wm. Moore et al., Moore's Federal Practice § 55.32[1][c], [f]." Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc., 270 F.R.D. 161, 164 65 (D. Del. 2010).

These principles, which require further notice to the defaulting defendant and competent proof of the plaintiff's damages in a default action, apply here and call for us to take an additional procedural step before liquidating any default judgment.

Therefore, while Ellison is now entitled to a default judgment based upon ARS's persistent and on-going failure to respond in this case, Ellison should be instructed to file a supplemental motion pursuant to Rule 55 seeking to liquidate these damages, and this matter should be remanded to the undersigned for further proceedings. We also recommend that ARS be provided with a copy of this Report and Recommendation, so it may take appropriate steps to respond to this Report and Recommendation if it chooses to do so.

### III. RECOMMENDATION

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for entry of default be GRANTED. (Doc. 55.) IT IS FURTHER RECOMMENDED that Ellison be instructed to file a supplemental motion pursuant to Rule 55 seeking to liquidate these damages, describing the amount of his claimed damages and providing competent evidence in support of these damage claims, and this matter be remanded to the undersigned for further proceedings. Finally, IT IS ORDERED that ARS be provided with a copy of this Report and Recommendation.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all

parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of December, 2016.

<u>*S/Martin C. Carlson*</u><br>Martin C. Carlson<br>United States Magistrate Judge